UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARK JOSEPH CASTANEL                           CIVIL ACTION NO. 15-cv-1834

VERSUS                                         JUDGE FOOTE

DEPARTMENT OF CHILDREN &                       MAGISTRATE JUDGE HORNSBY
FAMILY SERVICES, ET AL

**REPORT AND RECOMMENDATION**

Mark Joseph Castanel ("Plaintiff") filed this civil action "REQUESTING A JUDICIAL REVIEW OF FORMER CHILD SUPPORT CASE NUMBER: #540-230" filed in a Caddo Parish state court. Plaintiff, who is self-represented, alleges that he was in a relationship with Domonique M. Givens and is the father of their minor child, Kaleigha. No father is listed on the birth certificate for the child, but Plaintiff represents that he was proved by a paternity test to be the biological father. A copy of a judgment from the child support case indicates that the case was dismissed on the grounds that Plaintiff is permanently disabled and unable to pay child support.

Plaintiff nonetheless seeks review of the state court proceedings because he alleges there was fraud in the issuance of the birth certificate (presumably the omission of his name as father) and that the Louisiana Department of Children & Family Services did not carry out its mission to involve him, as a parent, in the emotional development of the child and provide healthier connections among the family members. It appears that Plaintiff has sought help from a number of state agencies in Louisiana and Texas in an effort to gain some form of

custody or visitation rights with respect to the child, but the mother's frequent moves have frustrated those efforts. It appears from correspondence attached to the complaint that Plaintiff directed his request here after his attempts to receive help from agencies such as the Caddo Parish Juvenile Court, Louisiana Inspector General, and United States Attorney were unsuccessful or denied.

The United States District Court is simply not the appropriate body for Plaintiff to direct his request. Federal courts may hear cases only if they fall within the narrow range of their jurisdiction. An exception to federal jurisdiction is the domestic relations exception. "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case" under the domestic relations exception. Rykers v. Alford, 832 F.2d 895, 900 (5th Cir. 1987); Mosley v. Bowie County, 275 Fed. Appx. 327, 329 (5th Cir. 2008). Plaintiff is the noncustodial parent and is asking for establishment or modification of this rights, so his claims fall within this exception and must be dismissed.

To the extent Plaintiff seeks a review of the state court's decision on an issue, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986). This is consistent with the Rooker-Feldman Doctrine that bars the losing party in a state court case from asking a federal district court to review and reject the state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S.Ct. 1517

(2005); Moore v. Texas Court of Criminal Appeals, 561 Fed. Appx. 427, 430 (5th Cir. 2014). Review of errors committed in state courts are for correction in the state court system and are no business of the federal court. Hale, 786 F.2d at 691.

Finally, to the extent Plaintiff attempts to sue the Department of Children & Family Services for alleged constitutional violations, the Department is entitled to Eleventh Amendment immunity. The Department is part of the executive division of Louisiana government and addresses issues of statewide concern. It has been recognized by federal courts as a state agency entitled to immunity. Peter-Takang v. Department of Children & Family Services, 2015 WL 4097157, *3 (E.D. La. 2015); Schannette v. Doxey, 2013 WL 4516041, *4 (W.D. La. 2013); and Harmony Center, LLC v. Jindal, 2010 WL 4955167, *3 (M.D. La. 2010). The federal court lacks jurisdiction to hear any claims Plaintiff is attempting to assert against the Department.

Plaintiff is obviously frustrated that he has been unable to obtain satisfaction in the Louisiana or Texas courts in his effort to obtain parental rights in connection with his daughter. His lack of ability to obtain relief in those courts does not, however, make the federal court a proper forum. This court lacks jurisdiction to become involved in the parental rights issue or review the state court's decisions, and it lacks jurisdiction to hear any civil rights claim against the Department that Plaintiff faults for not ensuring that he obtains such rights.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of August, 2015.

Mark L. Hornsby
U.S. Magistrate Judge